IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATASHA GOSHA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAFEWAY, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 8:24-cv-03535-LKG <br><br> Dated: October 9, 2025 |

## MEMORANDUM OPINION

### I. INTRODUCTION

In this civil action, the Plaintiff, Natasha Gosha, brings negligence claims against the Defendants, Safeway, Inc. ("Safeway"), New Albertson's, Inc. ("New Albertson's"), New Albertsons (Maryland) L.P. a/k/a New Albertsons L.P. ("New Albertsons Maryland"), NAI Saturn Eastern LLC ("NAI") and A.J. Jackson Wilson, arising from injuries that she incurred while shopping at a Safeway store located in Rockville, Maryland on December 13, 2021. *See generally* ECF No. 11-3; *see also* ECF No. 2. Defendants Safeway, New Albertson's, New Albertsons Maryland and NAI removed this case from the Circuit Court for Prince George's County, Maryland, to this Court on December 6, 2024. ECF No. 1. The Plaintiff has moved to remand the case. ECF No. 11. This motion is fully briefed. ECF Nos. 11, 11-1, 12 and 14. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court **DENIES** the Plaintiff's motion to remand (ECF No. 11).

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

#### A. Factual Background

In this civil action, the Plaintiff brings negligence claims against the Defendants arising from injuries that she incurred while shopping at a Safeway store located in Rockville, Maryland on December 13, 2021. *See generally* ECF No. 2. In the amended complaint, the Plaintiff

---

[1] The facts recited in this memorandum opinion are taken from the complaint; the amended complaint; the Defendants' notice of removal; the Plaintiff's motion to remand and the memorandum in support thereof; the exhibits attached thereto; and the Defendants' response in opposition thereto. ECF Nos. 1, 2, 5, 11, 12, and 14.

alleges that she was injured when a box of popcorn fell on, and struck, her head, while she was shopping at the Safeway store located at 403 Redland Boulevard in Rockville, Maryland on December 13, 2021. ECF No. 11-3. Specifically, the Plaintiff alleges the following claims in the amended complaint: (1) negligence against Safeway (Count I); (2) negligence against New Albertsons Maryland (Count II); (3) negligence against New Albertson's (Count III); (4) negligence against NAI (Count IV); and (5) negligent training and supervision against AJ Jackson Wilson (Count V). ECF No. 11-3 at ¶¶ 9-33. As relief, the Plaintiff seeks to recover monetary damages and costs from the Defendants. *Id*. at Prayer for Relief.

<u>The Parties</u>

The Plaintiff, Natasha Gosha, is a resident of the State of Maryland. *Id.* at ¶ 1.

Defendant Safeway is a corporation that is incorporated in Delaware, which maintains its principal place of business in California. ECF No. 11-3 at ¶ 2; ECF No. 1 at ¶ 8.

Defendant New Albertsons Maryland is a Delaware limited partnership, which has its principal place of business in Idaho. ECF No. 11-3 at ¶ 3; ECF No. 1 at ¶ 9. Defendant New Albertsons Maryland is comprised of NAI Holdings GP, LLC, which is a Delaware limited liability company and has its principal place of business in California. ECF No. 1 at ¶ 9. Defendant Safeway is its sole member. *Id.*

Defendant New Albertson's was a Delaware corporation, which had its principal place of business in Idaho.[2] ECF No. 11-3 at ¶ 4; ECF No. 1 at ¶ 10.

Defendant NAI is a Delaware limited liability company, which has its principal place of business in Idaho. ECF No. 11-3 at ¶ 5; ECF No. 1 at ¶ 11. Defendant NAI's sole member is New Albertsons Maryland. ECF No. 1 at ¶ 11.

Defendant AJ Jackson Wilson is a resident of Maryland. ECF No. 11-3 at ¶ 6.

<u>The Litigation History</u>

The Plaintiff commenced this civil action in the Circuit Court for Prince George's County, Maryland on November 25, 2024. ECF No. 2. In the original complaint, the Plaintiff asserted negligence claims against Defendants Safeway, New Albertson's, New Albertsons Maryland and NAI. *See id*.

---

[2] New Albertson's, Inc. was dissolved on March 16, 2020, prior to the date of the incident, December 13, 2021. ECF No. 1 at ¶ 10 n. 1.

On December 6, 2024, at 3:34 p.m., the Plaintiff electronically filed an amended complaint, adding Defendant AJ Jackson Wilson, the alleged on-duty store manager at the time of the incident, as a defendant. ECF No. 11-3 at ¶¶ 29-33. The Plaintiff alleges in the amended complaint that Defendant Wilson is a resident of Maryland and that his actions and/or omissions contributed to the improper stacking or storage of the popcorn box that injured her. ECF No. 11-3 at ¶¶ 6 and 29-33.

On December 6, 2024, at 4:09 p.m., the Defendants, excluding Defendant Wilson, filed a notice of removal and removed the case to this Court, pursuant to 28 U.S.C. § 1332(a)(1), based upon complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. ECF No. 11-1 at 3; ECF No. 1 at ¶¶ 13-16. On December 6, 2024, at 4:19 p.m., the Defendants filed a notice of filing of removal in the Circuit Court for Prince George's County, Maryland. ECF No. 11-1 at 3. It is undisputed that Defendant Wilson was not served with a copy of the amended complaint and summons before the case was removed to this Court. *Id.*; ECF No. 12 at 3-5.

### B. Procedural History

On March 17, 2025, the Plaintiff filed a motion to remand and a memorandum in support thereof. ECF Nos. 11 and 11-1. On March 31, 2025, the Defendants filed a response in opposition to the Plaintiff's motion to remand. ECF No. 12. The Plaintiff filed a reply brief on April 14, 2025. ECF No. 14.

The Plaintiff's motion to remand having been fully briefed, the Court resolves the pending motion.

### III. LEGAL STANDARDS

#### A. Diversity Jurisdiction And Removal

It is well-established that federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377 (1994). Specifically, district courts possess jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted). Relevant here, "a corporation shall be deemed to be a citizen of every

State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

A defendant may remove a case from state court to this Court upon the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1441, if: (1) there is complete diversity between all named plaintiffs and all named defendants and (2) no defendant is a citizen of the forum. *See* 28 U.S.C. § 1441(b). The United States Court of Appeals for the Fourth Circuit has held that complete diversity of citizenship must be established at the time of removal. *See Higgins v. E. I. Du Pont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (holding that a case must fall "within the 'original jurisdiction' of the federal court"). The Fourth Circuit has also held that the party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted).

If a plaintiff later challenges removal in a motion to remand, the burden is on the defendant to demonstrate that removal jurisdiction is proper. *Id.* at 297; *see also Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009). In this regard, the Fourth Circuit has held that removal jurisdiction is strictly construed. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). Given this, "any doubts [regarding the court's removal jurisdiction] should be resolved in favor of state court jurisdiction." *Barbour v. Int'l Union*, 640 F.3d 599, 617 (4th Cir. 2011); *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."). And so, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006).

B.   **The Forum Defendant Rule**

Relevant here, the forum defendant rule provides that a civil action "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This Court has treated the forum defendant rule as a procedural hurdle rather than a jurisdictional bar, meaning that a violation of the forum

4

defendant rule is waivable if not timely raised by the plaintiff through a motion to remand. *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 724 (D. Md. 2017).

Additionally, the rule applies only to defendants who have been "properly joined and served." *See* 28 U.S.C. § 1441(b)(2). This Court has held that the "purpose of the 'properly joined and served' language is to prevent gamesmanship by Plaintiffs" such as "'blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve.'" *Medish*, 272 F. Supp. 3d at 725 (citation omitted). And so, the forum defendant rule applies unless there is evidence of gamesmanship by the plaintiff. *See Sommer v. BMW of N. Am., LLC*, No. RDB-20-3027, 2021 WL 1890651, at *3 (D. Md. May 11, 2021).

## IV.   ANALYSIS

The Plaintiff has moved to remand this matter to the Circuit Court for Prince George's County, Maryland, upon the grounds that: (1) the Court lacks subject-matter jurisdiction, because the Plaintiff and Defendant Wilson are both residents of Maryland and Defendant Wilson was properly joined as a defendant in the state court action prior to removal; (2) the Defendants failed to comply with the requirements of 28 U.S.C. § 1446(a); and (3) the Defendants have improperly removed the case, in violation of the forum defendant rule. *See generally* ECF No. 11-1 at 4-10. And so, the Plaintiff requests that the Court remand this matter to the Circuit Court of Prince George's County, Maryland. *Id*. at 10.

In their response in opposition to the Plaintiff's motion, the Defendants counter that removal of this matter is proper, because: (1) Defendant Wilson had not been properly served prior to removal and (2) the Plaintiff improperly seeks to frustrate removal of the case. ECF No. 12 at 4-7. And so, the Defendants request that the Court deny the Plaintiff's motion to remand. *Id*. at 7.

For the reasons set forth below, the pleadings and the undisputed facts in this case show that there is complete diversity among the properly joined parties in this case and that the Defendants have satisfied the requirements for the removal of this civil action. Given this, the Court possesses subject-matter jurisdiction to consider the case, pursuant to 28 U.S.C. § 1441(a) and (b)(2). And so, the Court DENIES the Plaintiff's motion to remand (ECF No. 11).

### A. The Court Declines To Remand This Matter Because Defendant Wilson Was Not Properly Served At The Time Of Removal

The Defendants persuasively argue in their response in opposition to the Plaintiff's motion to remand that the removal of this matter was proper, because they have complied with the requirements of 28 U.S.C. §§ 1332 and 1441(b)(2). A defendant may remove a case from state court to this Court upon the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1441, if: (1) there is complete diversity between all named plaintiffs and all named defendants and (2) no defendant is a citizen of the forum. *See* 28 U.S.C. § 1441(b). In this regard, the Fourth Circuit has held that complete diversity of citizenship must be established at the time of removal. *See Higgins v. E. I. Du Pont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (holding that a case must fall "within the 'original jurisdiction' of the federal court").

In this case, the factual record shows that all of the properly joined defendants at the time of removal were not residents of Maryland. In this regard, it is undisputed that Defendant Safeway is a citizen of Delaware and California; Defendant New Albertsons Maryland is a citizen of Delaware, Idaho and California; Defendant New Albertson's is a citizen of Delaware and Idaho; and Defendant NAI is a citizen of California, Delaware and Idaho. ECF No. 1 at ¶¶ 8-11. It is also undisputed that the Defendants filed a notice of removal in this Court on December 6, 2024, at 4:09 p.m., and they removed the case to the Court, pursuant to 28 U.S.C. § 1332(a)(1), based upon complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. ECF No. 11-1 at 3; ECF No. 1 at ¶¶ 13-16.

The parties also agree that, at the time of removal, the Plaintiff had already electronically filed an amended complaint in the state court action adding Defendant Wilson, who is a Maryland resident. ECF No. 11-3 at ¶¶ 29-33. But it is undisputed that Defendant Wilson had not been served with a copy of the amended complaint and summons at the time of removal. ECF No. 11-1 at 3; ECF No. 12 at 3-5.

Given this, all of the properly joined Defendants at the time of removal were non-Maryland residents. And so, there is no basis for the Court to remand this matter to the Circuit Court of Prince George's County, Maryland under the forum defendant rule. *See* 28 U.S.C. § 1441(b)(2); *see also Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 725 (D. Md. 2017).

For similar reasons, the Defendants have shown that complete diversity existed among the parties to this action at the time of removal. *Strawn*, 530 F.3d at 296 (a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter."). As discussed above, all properly joined Defendants are not residents of Maryland. It is undisputed that the Plaintiff is a resident of Maryland. ECF No. 11-3 at ¶ 1; ECF No. 5 at ¶ 7.

Given this, there was complete diversity among the properly joined parties to this case at the time of removal. *See* 28 U.S.C. § 1441(b). There is also no dispute that the amount in controversy in this litigation exceeds $75,000. ECF Nos. 11-1, 11-3 and 12. And so, the Defendants have met their burden to show that removal was proper and that the Court possesses subject-matter jurisdiction to consider this matter.

## V. CONCLUSION

In light of the foregoing, the Court **DENIES** the Plaintiffs' motion to remand (ECF No. 11).

A separate Order shall issue.

**IT IS SO ORDERED.**

                                                                        s/Lydia Kay Griggsby
                                                                        LYDIA KAY GRIGGSBY
                                                                        United States District Judge

7